IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Jacob Buckley, Ashley Neiggemann, and Jeff Martin, on behalf of themselves and all other plaintiffs similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No.: |
| Stark County Ambulance Services, Inc., Team Triage, Inc., and James Roesner | ) ) ) ) ) |
| Defendant. | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiffs Jacob Buckley, Ashley Neiggemann, and Jeff Martin ("Jacob," "Ashley," Jeff, or "Plaintiffs") on behalf of themselves and all other plaintiffs similarly situated, by and through their attorneys, and for their Class and Collective Action Complaint against Defendants Stark County Ambulance Services, Inc. ("Stark County Ambulance") Team Triage, Inc. ("Team Triage") and James Roesner ("Roesner" collectively referred to as "Defendants") states as follows:

### Nature of the Action

1. The law requires employers to pay employees time and one-half times their regular rate of pay for hours worked beyond forty in a work week.

2. However, Defendants do not pay Plaintiffs and other similarly situated employees one and one-half times their regular rate of pay for hours worked beyond forty in a work week and, instead, only pay one and one-half times wages when over eighty hours are worked across a two-week pay period.

3. As a result, Plaintiffs and other similarly situated employees are deprived of their full overtime wages and this civil action is brought by the above-named Plaintiffs who brings this class and collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. P. 23.

4. Defendants also deducted dental insurance premiums from Plaintiff Jacob Buckley's paycheck. However, since on or around January 1, 2024, Defendants failed to apply such payments to the insurance company. Defendants deducting insurance premiums while permitting such insurance lapse due to non-payment is prohibited under the Illinois Wage Payment and Collection Act, 820 ILCS 115/9 ("IWPCA").

**Parties**

5. Plaintiffs worked as hourly employees for Defendants.

6. Stark County Ambulance Services, Inc., is an Illinois corporation that provides ambulance, EMT and paramedic services to various communities in central Illinois. Its principal place of business is 14 N. Franklin Toulon, IL 61483.

7. Team Triage, Inc. is an Illinois corporation that provides medical transportation services. Team Triage, Inc. purchased and assumed management of Stark County Ambulance Services, Inc. in late 2024 and continues operation of Stark County Ambulance Services, Inc.

8. Since the purchase, Team Triage, Inc. and Stark County Ambulance Services, Inc. have been joint employers of Plaintiffs and other similarly situated.

9. James Roesner is the Director, President, and Secretary of Stark County Ambulance Services, Inc. and implemented and oversaw the unlawful practices described herein. Upon information and belief, Mr. Roesner also serves as a Director of Team Triage, Inc.

10. Defendants Stark County Ambulance and Team Triage are each an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

11. During the last three years, Stark County Ambulance and Team Triage's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

12. Defendants were the Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

13. Defendants were the Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c).

14. Plaintiffs were Defendants' "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

15. Plaintiffs were Defendants' "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d).

## Jurisdiction and Venue

16. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

17. Venue is proper in this Judicial District, as Defendants are headquartered in and do business in this Judicial District.

## Factual Allegations

18. Plaintiffs and other similarly situated employees were only paid overtime wages when they worked in excess of 80 hours over a two week period.

19. However, the FLSA and IMWL requires overtime wages to be paid when employees work over forty hours in a work week.

20. This failure results in Plaintiff and others similarly situated being deprived of their full overtime wages.

21. By way of example, for the two-week pay period beginning July 27, 2024, Plaintiff Jacob Buckly worked 24-hour shifts on July 29, 2024, August 3, 2024, and August 5, 2024. However despite working 48 hours in the second work week of the period, he received no overtime pay for the pay period. Similarly, for the pay period beginning September 21, 2024, Plaintiff Buckly worked three 24-hour shifts. Nevertheless, he was not paid any overtime, despite working over forty hours during the second week of the pay period.

22. For the two-week pay period beginning April 8, 2023, Plaintiff Ashley Neiggemann worked 24 hours the first work week of the pay period, and 48 hours in the second week of the pay period. She received no overtime pay for the pay period. Similarly, for the two-week pay period beginning May 6, 2023, she worked 24 hours in the first work week of the pay period, and worked 45 hours in the second week of the pay period. She received no overtime pay for the pay period.

23. During the two-week pay period beginning August 27, 2022, Plaintiff Jeff Martin worked a total of 96 hours. He received no overtime pay for the pay period.

24. Plaintiff Jeff Martin raised concerns to Start County Ambulance management, including James Roesner, about being incorrectly paid overtime based on the 80-hour pay period. However, his complaints to management were disregarded.

25. In September 2024, there was a company-wide Teams meeting at which employees, including Plaintiff Jacob Buckley, raised complaints about being paid overtime based on an 80-hour work week. Defendant Stark County Ambulance Management agreed to review pay records and fix the Company's errors. However, despite numerous attempts by employees to receive owed overtime, Defendants refuse to pay employees the owed overtime.

26. On October 26, 2024 Plaintiff Jake Buckley complained about the unlawful overtime policy writing to Stark County Ambulance Chief Executive Officer Kim Dahl *via* email about "Our biweekly pay structure that adds our total hours over 2 weeks and pays overtime after 80 hours" and "I do not believe the biweekly payroll is legal unless the company has some kind of exception. Illinois labor laws state that any hours after 40 within a given week are to be paid at an overtime rate."

27. On December 6, 2024 employees of Stark County Ambulance were notified via email that "Stark County Ambulance stock will be owned by Team Triage. Jim Roesner will be a board member of Team Triage while continuing to champion our organization." Furthermore, it was announced "Stark County Ambulance will continue to be "Stark County Ambulance". Our staff continues to be Start County Ambulance employees, wearing the same uniforms, with the same benefits, and driving the same equipment from the same stations.

28. On February 4, 2025 Jake Buckly *via* email forwarded his complaint described above to Team Triage President Ryan Kurth adding that employees were underpaid overtime.

29. Despite Jake Buckly's complaints, neither Stark County Ambulance nor Team Triage paid Plaintiffs and other similarly situated employees their owed overtime wages.

30. In addition, Stark County Ambulance has a practice of not paying employees for work (including overtime if over 40 for the week) if the hourly employee works past their scheduled end-time (Time Shaving).

31. Plaintiffs performed their job responsibilities for Defendant in the State of Illinois.

32. Other similarly situated employees have been employed by the Defendants and have not been paid the required overtime wages at one and one-half times their regular rate of pay.

33. The named Plaintiff, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs seek to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all other non-exempt employees who were not fully compensated for overtime hours worked during the prior three years.

35. Plaintiffs and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid their overtime at one and one-half times their regular rate of pay.

36. Plaintiff and asserted members of the Collective and Class are similarly situated because, *inter alia*, they were not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendants' unlawful practices and policies.

37. Defendants have encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

38. Defendants have known that Plaintiffs and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiffs and the Class and Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

39. There are estimated to be dozens of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for

6

adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

40. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

41. Plaintiffs will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of the class.

## COUNT I - FAIR LABOR STANDARDS ACT
**(Plaintiffs Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

42. The Plaintiffs re-allege and incorporate by reference paragraphs 1-41.

43. Under the FLSA, Plaintiffs and the Collective are entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

44. Defendants failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

45. Upon information and belief, Defendants' practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

46. Due to Defendants' violations of the FLSA, the FLSA Class is entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

**COUNT II - ILLINOIS MINIMUM WAGE LAW**
**(Plaintiffs Individually and on Behalf of All**
**Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

47. Plaintiffs hereby allege and incorporate Paragraph 1 through 46 of this Complaint, as is fully set forth herein.

48. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

49. Under the IMWL, Defendants were and remain obligated to compensate Plaintiffs, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week.

50. Plaintiffs were regularly permitted, encouraged and/or required to work in excess of 40 hours per week but were not compensated at the required one and one-half times their regular rate for such overtime work.

51. By failing to pay overtime compensation due to Plaintiffs, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

52. As a result of Defendants' policy and practice of withholding overtime compensation, Plaintiffs and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiffs request the following relief individually and on behalf of similarly situated employees:

    A. A Declaratory Judgement that Defendants violated the overtime provisions of the IMWL and FLSA as to the Plaintiffs and similarly situated employees;

B. A declaratory judgement that Defendants' violations of the IMWL and FLSA was willful;

C. Unpaid overtime compensation;

D. A judgment of punitive damages, including treble damages and statutory interest of 5% per month, as provided by IMWL;

E. A judgment of liquidated damages as provided by the FLSA;

F. A judgement of reasonable attorney's fees and costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

### COUNT III - ILLINOIS WAGE PAYMENT AND COLLECTION ACT
**(Plaintiff Jacob Buckley Individually)**

53. Plaintiffs hereby allege and incorporate Paragraph 1 through 52 of this Complaint, as is fully set forth herein.

54. This count arises from Defendants' unlawful deductions under the IWPCA, 820 ILCS § 115/9.

55. Since on or around January 1, 2024, Defendants' withheld Plaintiff Jacob Buckley's dental insurance premiums from his paycheck.

56. Nevertheless, Plaintiff lost dental insurance coverage due to Defendants' non-payment on or around January 1, 2024. Plaintiff Jacob Buckly remained without dental insurance through 2025.

57. Plaintiff Jacob Buckley submitted numerous dental claims in 2024, which were denied due to lack of health insurance coverage.

58. Plaintiff Jacob Buckley repeatedly complained to Defendants about his inactive dental insurance due to Defendants' non-payment. Nevertheless, Defendants did not address the lapsed coverage due to their non-payment.

59. Such deductions are unlawful under the IWPCA. 820 ILCS 115/9.

WHEREFORE, Plaintiff requests the following relief individually:

    A. A Declaratory Judgement that Defendants violated the IWPCA by making unlawful deductions;

    B. A judgement for damages relating to the loss of insurance coverage and all resulting costs;

    C. A judgment of damages for all insurance premiums withheld from Plaintiff Jacob Buckley from January 2024 to present.

    D. A judgment of the statutory interest of 5% per month, as provided by IWPCA;

    E. A judgement of reasonable attorney's fees and costs incurred in filing this action; and

    F. Such other and further relief as this Court deems appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated: April 9, 2025                                Respectfully Submitted,

                                                                    By: /s/ John Kunze
                                                                    One of the Attorneys for the Plaintiff


John Kunze
Martin Stainthorp
Workplace Law Partners P.C.
155 N. Michigan Ave. Suite 719
Chicago, IL 60601
T: 312-861-1800
F: 630-778-0400
docketing@fishlawfirm.com
kunze@fishlawfirm.com
mstainthorp@fishlawfirm.com

Quinton Osborne
Osborne Employment Law LLC
799 Roosevelt Road, Suite 3-201
Glen Ellyn, IL 60137
T: 331-702-1538
F: 331-465-0450
Quinton@OsborneEmploymentLaw.com